OPINION OF THE COURT
Lewis Bart Stone, J.
Defendant, Gary Brown, is charged by indictment with one count of manslaughter in the first degree (Penal Law § 125.20 [1]). On December 4, 2008, this court held Dunaway, Huntley, Mapp and Wade hearings, argument upon which was heard on December 8, 2008. On that date this court denied in their entirety Brown’s Dunaway, Mapp and Wade motions and denied in part and granted in part Brown’s Huntley motion. On December 16, 2008, the People moved to reargue that part of the Huntley motion granted by this court, or to reopen the hearing on such aspect of such motion to introduce certain additional evidence. Brown opposed both reargument and reopening.
The People’s reargument motion relates solely to two of the questions asked by the police when they stopped Brown, which this court in its December 2008 ruling found inadmissible, thus effectively granting Brown’s Huntley motion with respect to such statements. Police Sergeant Andrew Childs and another officer, while on patrol in a marked car, received a radio transmission of an assault that had just occurred in a nearby park together with a description of the alleged perpetrator. Seeing Brown, who matched the perpetrator’s description, several minutes later, the officers pulled over their car. Brown, seeing them stop, stopped walking and put his hands up although not in response to any command from the officers. Before stopping Brown, Childs radioed to request that eyewitnesses be brought over to see if they could identify Brown as the perpetrator. After exiting the police car, the officers asked Brown for his identification, which they obtained. What happened next, before the time a witness arrived and identified Brown as the perpetrator and Brown was arrested, is the basis of this motion to reconsider. According to Childs, who was the sole witness as to this colloquy to testify at the hearing, this interchange was described as follows:
“[Brown] had identification that said he lived on Hancock Street in Brooklyn. I asked him if he still lived on Hancock. He said yes. I asked him what he was doing in the area. He said he was visiting friends. I asked him where he came from. He told *894 me he didn’t have to tell me.”
No further testimony relating to the colloquy was elicited on direct or cross-examination.
Under Criminal Procedure Law § 60.45 (2), a defendant’s statement is inadmissible if it was coerced or, if obtained by law enforcement, obtained by certain improper promises or statements of fact or in violation of the State or Federal Constitution. Here, there being no evidence of coercion or improper promises or statements, the Huntley hearing on the admissibility of the statements was addressed to the federal constitutional Miranda rule* under which a statement made in a custodial interrogation before a defendant is given “Miranda” warnings is inadmissible.
This court’s December 8, 2008 ruling found that the third and fourth of the above statements regarding “visiting friends” and declining to answer Childs’ question were not admissible as the People had not met their burden of proving that Brown was not in custody and accordingly, that the statements, being the product of custodial interrogation where no Miranda warnings had been given, had to be suppressed.
In their motion to reargue, the People ask this court to reconsider its suppression of these statements on two grounds, viz, first, that the questions did not constitute “interrogation” for the purpose of the Miranda rule, and second, because the court had improperly put upon the People the burden of establishing that Brown was not in custody (the People contend that the proper rule is that once the People establish the legality of the stop, Brown had the burden to establish that he was in custody in order to invoke Miranda rights), and on the application of the proper rule to the testimony at the hearing, the court should have denied Brown’s motion to suppress the two statements. The People further requested that, in the event the court did not on such grounds find the two statements admissible, the court reopen the hearing to allow the People to introduce additional testimony.
Initially, the court finds that the defense’s objection to reopening the hearing for further testimony is proper. Absent extraordinary considerations, the People do not get second bites of the apple and must bear the responsibility of properly presenting their case at the hearing.
The People assert that the two questions this court had suppressed were not “interrogation for Miranda purposes,” cit *895 ing People v Greer (42 NY2d 170 [1977]) and People v Huffman (41 NY2d 29 [1976]). In both such cases, the police came upon activities in progress and asked questions to clarify the situation, rather than to coerce a statement. In Huffman, the police saw a group of people at the back door of a delicatessen, and as they approached, the group split up and the defendant dived into nearby bushes. The question — “What are you doing back here?” — which elicited an incriminating statement, was held to be non-interrogatory for Miranda purposes (41 NY2d at 34). In Greer, the asking officer, after hearing a call for help, and seeing a car with an open door and a woman’s sandal and purse on the ground in a deserted industrial area, saw a man and a woman and asked, “What’s going on here?” (42 NY2d at 172-173). The man answered, “this is my woman.” (Id. at 173.) The officer then asked what her name was and the defendant replied, “I don’t know.” (Id.) These questions were also deemed non-interrogatory for Miranda purposes and part of the “statutorily permissible demand for ‘an explanation of conduct.’ ” (Id. at 177.) Here, however, Brown was not at the crime scene and the officers had already found the victim and learned that she had been assaulted. While on the basis of what the police had known, the officers had lawfully stopped Brown, the questions asked were not meant to clarify a problematic and developing situation.
Accordingly, that portion of the People’s motion which seeks to reargue this court’s determination to grant a portion of Brown’s Huntley motion on the grounds that the two suppressed statements were made as a response to questions which were not “interrogatory” under the Miranda rule is denied.
The People’s alternate ground to seek reargument is based on the assertion that this court had employed an incorrect rule as to which party had the burden of proving whether the questions whose answers this court had suppressed were asked in a custodial setting. As no Miranda warnings had been given, if Brown was in custody at the time of the questions, Brown’s responses were suppressible and, if he was not, his responses were admissible.
As the record of this hearing shows that the sum of evidence on this portion of the events, both on direct and cross, is no more than the above-quoted testimony of Childs, which this court found to be credible, the burden of proof issue becomes critical. While the People offered no evidence that Brown was not in custody, Brown neither offered evidence nor elicited *896 testimony in cross-examination of the People’s witnesses to show that Brown was in custody at the relevant time. Further, as noted above, there was no impropriety as to the stop of Brown, nor is that stop in controversy at this point in the proceedings. Accordingly, if the burden of proving custody is on Brown, Brown has not met his burden; if the burden of proving custody is on the People, the People have not met their burden.
Both parties, in their respective memoranda on the People’s reargument motion, recognize that the issue of burden of proof is a matter of law. Interestingly, neither party cites a New York holding clearly on point. The defense memorandum cites no cases at all. The People cite only to the dissent of Judge Simons in the Court of Appeals decision People v Alls (83 NY2d 94 [1993], cert denied 511 US 1090 [1994]) and to a series of New York cases relating to the burden of proof for certain other issues which may be considered in pretrial motions which the People advance should be considered analogous. The People do cite a series of federal cases and cases from other jurisdictions which do address the issue and would support the People’s position if proper and relevant authority.
People v Alls (supra) relates to a somewhat unusual set of circumstances. Alls, while incarcerated, was involved in an incident which led to his indictment for sodomy in the first degree and assault in the second degree committed against another inmate. A correction sergeant investigating the incident questioned Alls in an empty room about the incident. In response to these questions Alls made certain incriminating statements. The County Court found the statements admissible, ruling that Miranda would only apply to “custodial settings that have inherently coercive pressures which tend to undermine the individual’s will to resist and compel him to speak” (83 NY2d at 101). This ruling was held an erroneous standard, and, by a 4-3 determination, the case was remitted for a new fact determination on the suppression motion, using the proper standard. Judge Simons, in a dissent joined by Judge Bellacosa, would have affirmed, and Chief Judge Kaye, in a another dissent, would have reversed. Although Judge Simons, citing two federal cases, stated: “The burden of proving custody is on defendant, as the courts below properly held” (83 NY2d at 115), such statement is dicta. Judge Simons cited two federal cases, viz., United States v Charles (738 F2d 686 [5th Cir 1984]) and Berkemer v McCarty (468 US 420 [1984]), and People v Di Stefano (38 NY2d 640 [1976]).
*897 Di Stefano considered certain issues relating to a wiretap warrant and Di Stefano’s attempt to preclude the admissibility of information obtained. Di Stefano had been convicted after a jury trial of conspiracy in the second degree and attempted robbery in the second degree. The First Department reversed, on the grounds that certain electronic eavesdropping evidence should have been suppressed and that the evidence adduced at trial could not sustain the attempted robbery charge. The Court of Appeals reversed the First Department’s decision on the suppression issue, and the resulting vacation of Di Stefano’s conviction on the conspiracy count.
In discussing the allocation of burden of proof, the Di Stefano Court noted that “[i]t is the accused, not the People, who must shoulder the burden of persuasion on a motion to suppress evidence . . . The People have only the burden of going forward to show the legality of the police conduct in the first instance.” (38 NY2d at 652.) This generic statement, while again arguably, by analogy, supports the People’s position, does not expressly or conclusively address whether the question of custody is one of the first instance or second instance.
While Judge Simons’ statement in Alls is clear, as dicta in a dissent, it is hardly a ringing and controlling precedent. Further, the remaining litany of New York decisions cited relate to who has the burden of proving other matters in preliminary hearings and the reasons therefor and do not squarely decide the issue of who must prove custody in a Huntley hearing to invoke Miranda rights.
While in the absence of precedent, this court may turn to the People’s assertions that, by analogy to other pretrial issues decided by New York courts, the court should find that Brown has the burden of proving custody in this case, such approach is unnecessary. Because CPL 60.45 (2) (b) (ii) establishes the New York rule of exclusion to exclude statements obtained “in violation of such rights as the defendant may derive from the constitution of this state or of the United States,” and as the Miranda rule constitutes a right under the Federal Constitution, an inquiry into what the federal rule is, is in effect mandated by New York law, and thus, in the absence of controlling New York precedent, this court may consider relevant federal precedent on this issue. Whatever the scope of the federal “right” is to be determined in reference to federal law. In this area, there are a number of federal decisions which support the People’s position on the extent of the federal right under Miranda, including, as *898 a measure of such right, rules as to who has the burden of proof of custody.
The People initially argue that the United States Supreme Court in Berkemer “suggested” the rule they espouse. Berkemer involved a traffic stop and an agreed statement of facts, and considered whether upon a stop, but before arrest, Miranda applied. The Court found that a traffic stop was not per se custody, and otherwise agreed that statements made after arrest were subject to a Miranda analysis. That Berkemer “suggested” anything is certainly not clear from its text.
Other federal cases cited by the People, however, clearly establish that in a hearing to determine whether Miranda warnings are required, the burden of proof of custody lies upon the defendant. In Charles (supra), the Fifth Circuit, citing a number of earlier federal appellate cases, reversed a district court decision which placed the burden of proof of custody on the government. This rule has remained as the operative rule in the federal courts. (See e.g. United States v Goldberger, 837 F Supp 447 [D DC 1993] [applying this rule and citing Charles as authority]; United States v Grissom, 825 F Supp 949 [D Kan 1993] [applying this rule and citing Charles as authority].)
Because these precedents effectively shape the scope of the federal Miranda right, and as CPL 60.45 (2) (b) (ii) gives Brown such right but no more, this court finds such federal cases controlling and need not rely on the analogies suggested by the People or resolve the conflicting exegeses of commentators advanced by either.
Thus, this court finds that the correct rule is that the defendant, in a Huntley hearing to determine whether Miranda warnings were required, bears the burden of proving custody, hereby grants the People’s motion to reargue on such issue and in turn applying such proper standard on reargument to the credible facts on the record, now, on rehearing, denies that portion of Brown’s Huntley motion which had been granted, and, in sum, denies Brown’s entire Huntley motion.

 (Miranda v Arizona, 384 US 436 [1966].)